## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | | |
|---|---|---|
| **MICHAEL CARF,** | : | **CASE NO:** |
| **c/o Stokar Law, LLC** | : | |
| **9200 Montgomery Road** | : | **JUDGE:** |
| **Bldg E - Suite 18B** | : | |
| **Cincinnati, Ohio 45242** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **ALPHA DEMOLITION, INC.,** | : | |
| **257 Siefferman Road.** | : | **VERIFIED COMPLAINT** |
| **West Harrison, Indiana 47060** | : | |
| **c/o** | : | **(WITH JURY DEMAND)** |
| **Nicole K. Caudill** | : | |
| **Registered Agent** | : | |
| **28221 Hickory Ridge Lane** | : | |
| **West Harrison, Indiana  47060** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Jeffrey D. Caudill, Jr., Individually** | : | |
| **28221 Hickory Ridge Lane** | : | |
| **West Harrison, Indiana  47060** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Nicole K. Caudill, Individually** | : | |
| **28221 Hickory Ridge Lane** | : | |
| **West Harrison, Indiana  47060** | : | |
| | : | |

**Defendants.**

Plaintiff Michael Carf, for his Verified Complaint against Defendants Alpha Demolition, Inc., Jeffrey D. Caudill, Jr. and Nicole K. Caudill, states as follows:

### I. PRELIMINARY STATEMENT

1.      Plaintiff was a non-exempt employee of Defendants Alpha Demolition, Inc, Jeffrey D. Caudill, Jr. and Nicole K. Caudill.  Defendants failed to pay Plaintiff for all hours worked,

failed to pay overtime for hours worked in excess of forty (40) hours per workweek and failed to pay Plaintiff the required minimum wage.

2.      Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Title 29 of the Code of Federal Regulations, the Indiana Minimum Wage Law ("IMWL"), Indiana Code 22-2-2 *et seq.*, and the Indiana Wage Payment Statute ("IWPS"), Indiana Code 22-2-5 *et seq.*  Plaintiff seeks redress, including pay for all hours worked and unpaid overtime pay for the two (2) years preceding the filing of this action, liquidated damages in an equal amount, declaratory and injunctive relief, and reasonable attorney's fees and costs.

## II.  JURISDICTION AND VENUE

3.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 215.  Federal jurisdiction is invoked to secure protection of and to redress deprivations of rights under the statutes of the United States, specifically including the FLSA, 29 U.S.C. § 201, *et seq.*

4.      Plaintiff seeks an exercise of this Court's Supplemental Jurisdiction as to the Indiana State law claims under 28 U.S.C § 1367.

5.      Plaintiff is an adult male citizen of the state of Indiana.

6.      Defendant Alpha Demolition, Inc., has its principal place of business within the Southern District of Indiana.

7.      The acts and/or omissions complied of herein were committed and had a principal effect, as described more fully below, within the Southern District of Indiana, New Albany Division.

8.      Venue is appropriate because the actions complained of by Plaintiff took place, in significant part, within Dearborn County, Indiana, which is within this judicial district.

## III.  PARTIES

2

9.     Plaintiff Michael Carf is a citizen of the United States who resides in Osgood, Indiana.  Plaintiff was an employee of Defendant.

10.     Defendant Alpha Demolition, Inc., is a for-profit corporation organized under the laws of the State of Indiana and is located at 257 Siefferman Road, West Harrison, Indiana, 47060.

11.     Defendant is an employer under 29 U.S.C. § 203(d) and Indiana Code § 22-2-2-3.

12.     Defendant is an enterprise within the meaning of 29 U.S.C. § 203(r).

13.     Defendant Jeffrey D. Caudill, Jr., individually, is the Secretary and Treasurer of Alpha Demolition, Inc. and sets the terms and conditions of work for individuals employed at Alpha Demolition, Inc.

14.     Defendant Jeffrey D. Caudill, Jr. is a person "acting directly or indirectly in the interest of an employer in relation to an employee" and, therefore, meets the definition of "employer" within the meaning of 29 U.S.C. § 203(d).

15.     Defendant Nicole K. Caudill, individually, is the President of Alpha Demolition, Inc. and sets the terms and conditions of work for individuals employed at Alpha Demolition, Inc.

16.     Defendant Nicole K. Caudill is a person "acting directly or indirectly in the interest of an employer in relation to an employee" and, therefore, meets the definition of "employer" within the meaning of 29 U.S.C. § 203(d).

17.     The wage and hour violations alleged herein took place within West Harrison, Indiana, in Dearborn County, which is within this judicial district.

## IV.  STATEMENT OF FACTS

18.     Defendant Alpha Demolition, Inc.is a company which provides demolition, excavation and other construction services to its customers.

19.    Plaintiff was employed by Defendants from on or about January 2, 2022 until on or about July 2, 2024 when he was laid off.  He was rehired on or about August 5, 2024 and worked until August 16, 2024.

20.    Plaintiff's job duties included fabricating steel in Defendants' West Harrison, Indiana shop location and assembly work on job sites at various locations in Indiana, Ohio and Kentucky.

21.    The work performed by Plaintiff was non-exempt.

22.    Defendants did not compensate Plaintiff for all time worked.  Specifically, Defendants did not pay Plaintiff for the 42.5 hours he worked at a Blue Ash, Ohio job site in the workweek of August 4, 2024 through August 10, 2024.  Defendants did not pay Plaintiff for the 42.5 hours he worked at the West Harrison, Indiana shop during the workweek of August 11, 2024 through August 17, 2024.

23.    Defendants' failure to pay wages owed to Plaintiff was willful and not in good faith.

24.    Defendants' conduct caused Plaintiff to be denied pay for all hours worked, including overtime pay for hours worked in excess of forty (40) hours in a workweek.

### V.  STATEMENT OF CLAIMS

#### Count One
**Denial of Pay for All Hours Worked Under the FLSA**
**29 U.S.C. § 201 *et seq.***

25.    Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

26.    Defendants' failure to pay Plaintiff for all time worked constitutes a violation of the FLSA.

27.    As a result of Defendants' unlawful conduct, Plaintiff has suffered damages,

4

including unpaid wages and overtime pay to which Plaintiff is entitled under the FLSA.

28.    Plaintiff is entitled to recover from Defendants pay for all hours worked during the period beginning two (2) years prior to the commencement of this action, together with liquidated damages in an amount equal thereto, and attorney's fees pursuant to 29 U.S.C. § 216(b).

## Count Two
### Denial of Overtime Pay under the FLSA
### 29 U.S.C. § 207(a)(1)

29.    Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

30.    Defendants' denial of overtime pay at a rate of not less than one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek violates the FLSA, including but not limited to the overtime provisions of 29 U.S.C. § 207(a)(1).

31.    Plaintiff is entitled to recover from Defendants overtime pay at a rate not less than one and one-half times the regular rate at which he was employed for all hours worked in excess of forty (40) hours per workweek during the period beginning two (2) years prior to the commencement of this action, together with liquidated damages in an amount equal thereto, and attorney's fees pursuant to 29 U.S.C. § 216(b).

## Count Three
### Failure to Pay Minimum Wage Under the FLSA
### 29 U.S.C. § 206(a)

32.    Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

33.    Defendants violated the FLSA by failing to pay Plaintiff the required minimum wage under the FLSA for all hours worked in August 2024.

34.    Defendants' actions were willful, and Plaintiff is entitled to pay for all hours worked in August 2024 for which he was not paid, liquidated damages in an amount equal thereto, and attorney's fees pursuant to 29 U.S.C. § 216(b).

## Count Four
### Denial of Pay for All Hours Worked Under the IMWL
### Ind. Code § 22-2-2 *et seq.*

35.    Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein

36.    Under Ind. Code § 22-2-2 *et seq.*, Defendants were required to pay each of its non-exempt employees for all hours worked.

37.    Defendants failure to pay Plaintiff for all hours worked in August 2024 violates the IMWL.

38.    Defendants have deprived Plaintiff of compensation for hours all hours worked under the IMWL, such that Plaintiff is entitled to unpaid wages, liquidated damages, reasonable attorney's fees and costs. Ind. Code § 22-2-2-9.

## Count Five
### Denial of Overtime Pay Under the IMWL
### Ind. Code 22-2-2-4(f)

39.    Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

40.    Under Ind. Code 22-2-2-4(f), Defendants were required to pay each of its non-exempt employees for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek.

41.    Defendants' conduct as described above violates the IMWL provisions governing payment of overtime.

42.    Defendants have deprived Plaintiff of overtime compensation for all hours worked under the IMWL, such that Plaintiff is entitled to unpaid wages, liquidated damages, reasonable attorney's fees and costs.  Ind. Code § 22-2-2-9.

## Count Six
## Failure to Pay Minimum Wage Under the IMWL
## Ind. Code § 22-2-2-4

43.    Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

44.    Defendants violated the IMWL by failing to pay Plaintiff the required minimum wage for all hours worked in August 2024.

45.    Defendants have deprived Plaintiff of compensation for all hours worked in August 2024, such that Plaintiff is entitled to unpaid wages, liquidated damages, reasonable attorney's fees and costs.  Ind. Code § 22-2-2-9.

## Count Seven
## Failure to Pay Wages Due Under the IWPS
## Ind. Code § 22-2-5 *et seq.*

46.    Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

47.    Indiana Code § 22-2-5-1 mandates that an employer pay an employee all wages owed to the employee within ten (10) business days of the regularly scheduled pay date.

48.    Defendants failed to pay Plaintiff for all hours worked in August 2024 within the statutorily required time period.

49.    Defendants' failure to pay Plaintiff was not in good faith.

50.    By its conduct described above, Defendants breached the requirement of the Indiana Code by failing to pay Plaintiff all wages owed to him within ten (10) business days of its regularly scheduled pay date.

51.    Defendants are liable to Plaintiff for the unpaid wages and for additional amounts as liquidated damages and attorney's fees and costs as provided by Ind. Code § 22-2-5-2.

## Count Four
### Unjust Enrichment/Quantum Meruit

52.    Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

53.    Plaintiff conferred benefits upon Defendants when he worked hours and provided services to the Defendants and performed such other acts and conduct for Defendants' benefit.

54.    The benefits were conferred by Plaintiff without receiving just compensation from Defendants for the services rendered.

55.    Defendants have been unjustly enriched by the benefits conferred by Plaintiff.

56.    Plaintiff is entitled to just compensation for the reasonable value of the services rendered to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. Judgment against Defendants for violating the Fair Labor Standards Act, the Indiana Minimum Wage Law and the Indiana Wage Payment Statute;

2. An Order declaring that Defendants' violations of the Fair Labor Standards Act, the Indiana Minimum Wage Law and the Indiana Wage Payment Statute were willful and not in good faith;

8

3. An injunction prohibiting Defendants from engaging in future violations of the Fair Labor Standards Act, the Indiana Minimum Wage Law and the Indiana Wage Payment Statute;

4. An award of unpaid wages, overtime pay and liquidated damages thereon consistent with the provisions of the Fair Labor Standards Act, the Indiana Minimum Wage Law and the Indiana Wage Payment Statute;

5. An award of Plaintiff's reasonable attorney's fees and costs; and

6. All such other relief as the Court deems appropriate under the premises.

Respectfully submitted,

**STOKAR LAW, LLC**

*/s/ Robb S. Stokar*
Robb S. Stokar (0091330)
9200 Montgomery Road
Building E – Unit 18B
Cincinnati, Ohio 45242
Tel: 513-500-8511
rss@stokarlaw.com
*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable in this matter.

*/s/ Robb S. Stokar*
Robb S. Stokar (0091330)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| **MICHAEL CARF,** | : | **CASE NO:** |
| | : | |
| **Plaintiff,** | : | **JUDGE:** |
| | : | |
| **vs.** | : | |
| | : | |
| **ALPHA DEMOLITION, INC., et al.** | : | **AFFIDAVIT OF MICHAEL CARF** |
| | : | |
| **Defendants.** | : | |

STATE OF INDIANA ) 
                                   ) SS:
COUNTY OF Ripley )

> HOLLY HARRIS
> Notary Public - Seal
> Dearborn County - State of Indiana
> Commission Number NP0731279
> My Commission Expires Jan 27, 2029

Michael Carf, having been first duly sworn under oath, hereby states the following:

1. My name is Michael Carf. I am an adult male citizen of the United States and currently reside in Osgood, Indiana.

2. I am over the age of 18 and am competent to testify as to all matters described herein.

3. I have read the foregoing Verified Complaint.

4. I am well acquainted with the facts as set forth in the Verified Complaint and the facts stated therein are true to the best of my personal knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Michael Carf

The foregoing instrument was sworn, subscribed to, and acknowledged before me in my presence this 31st day of January 2025.

_____
Notary Public

My Commission Expires: January 27, 2029